# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LAVALE WASHINGTON,<br><br>    Petitioner,<br><br>    v.<br><br>C. PFEIFFER,<br><br>    Respondent. | Case No. 1:18-cv-00368-SAB-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEF REGARDING <u>RHINES</u> STAY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

1

providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the petition, Petitioner challenges his Fresno County Superior Court conviction for voluntary manslaughter on the sole ground that the trial court prejudicially erred in allowing the prosecution to present almost the entirety of Pickett's interview with detectives. (ECF No. 1 at 5).[1] It appears that Petitioner has raised this claim in a state habeas petition that is currently pending before the California Supreme Court, (ECF No. 1 at 3), and thus, Petitioner has filed a motion for stay and abeyance "pending adjudication of the state habeas corpus process and proper exhaustion of the state remedies," (ECF No. 2).

Under Rhines v. Weber, 544 U.S. 269 (2005), "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. However, in the motion for stay and abeyance, Petitioner has not established "good cause" for his failure to exhaust and has failed to cite to any authority or to set forth any arguments and allegations in support of the stay.

## II.

## ORDER

Accordingly, within **THIRTY (30) days** from the date of service of this order, Petitioner shall file a supplemental brief addressing whether he is entitled to stay and abeyance under Rhines.

IT IS SO ORDERED.

Dated: __March 28, 2018__

UNITED STATES MAGISTRATE JUDGE

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.