UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LAVALE WASHINGTON,<br><br>Petitioner,<br><br>v.<br><br>C. PFEIFFER, Warden,<br><br>Respondent. | No. 1:18-cv-00368-SKO HC<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**(Doc. 2, 15)** |

Petitioner, Chris Lavale Washington, is a state prisoner seeking to proceed with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 19, 2018, Petitioner filed his petition setting forth one claim for habeas relief, and moving for an order of stay and abeyance pending resolution of this claim in the California state courts.

**I.     Procedural Background**

Following a jury trial in Fresno County Superior Court, Petitioner was convicted of voluntary manslaughter (Cal. Penal Code § 192(a)), and was found to have personally used a firearm in commission of the crime (Cal. Penal Code § 12022.5(a)). Petitioner was sentenced to 21 years in prison.

1

On March 29, 2017, the California Court of Appeal for the Fifth Appellate District affirmed Petitioner's conviction. The California Supreme Court denied his petition for review on June 15, 2017. Petitioner filed a petition for writ of habeas corpus with the California Supreme Court on March 30, 2018. Petitioner filed a federal petition for writ of habeas corpus on March 19, 2018, and requested an order of stay and abeyance to permit him to pursue his unexhausted claim in the California Supreme Court.

## II. Standards for Granting Order of Stay and Abeyance

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78. The Ninth Circuit has held that district courts also have "the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*." *Mena v. Long*, 813 F.3d 907, 911 (9th Cir. 2016).

*Rhines* does not define what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). If

2

the claims are not "plainly meritless," and if the delays are not intentional or attributable to abusive tactics, however, the *Rhines* court opined that a district court would abuse its discretion in denying a stay. 544 U.S. at 278.

### III. Petitioner Has Properly Articulated a Claim for a Stay and Abeyance

Petitioner sets forth one unexhausted ground for relief: the trial court committed prejudicial error by admitting evidence of a police interview at trial. Issues regarding the admission of evidence are matters of state law, generally outside the purview of a federal habeas court. *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). "The admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process." *Johnson v. Sublett*, 63 F.3d 926, 930 (9th Cir. 1995). From the limited record, it is not clear if the admission of the evidence "rendered the trial fundamentally unfair." *Id.* Therefore, the Court cannot say that this claim is "plainly meritless." *Rhines*, 544 U.S. at 278. Additionally, nothing in the record suggests that Petitioner has intentionally or maliciously failed to pursue her potentially meritorious claim. *Id.* Accordingly, the Court finds good cause for the unexhausted claim and will grant a stay and abeyance under *Rhines*.

### IV. Conclusion and Order

The Court hereby ORDERS as follows:

1. The Court GRANTS Petitioner's motion for stay and abeyance to permit exhaustion of the unexhausted claim pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (1995).

2. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of this Order advising the Court of the status of the state court proceedings.

3. Petitioner shall file an additional status report every ninety (90) days thereafter.

4. Within thirty (30) days after the California Supreme Court issues a final order resolving the unexhausted claims, Petitioner shall file a motion to lift the stay and an amended

habeas petition setting forth all exhausted claims.  The Court shall then screen the petition pursuant to the Rules Governing Section 2254 Cases.

5. If Petitioner fails to comply with this Order, the Court will vacate the stay, *nunc pro tunc* to the date of this Order, and dismiss the petition without prejudice for failure to exhaust all claims but with leave to file an amended petition.  *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000).  Such dismissal may render the petition untimely in light of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

IT IS SO ORDERED.

Dated: **June 5, 2018**      /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE