UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LAVALE WASHINGTON,<br><br>Petitioner,<br><br>v.<br><br>C. PFEIFFER, Warden,<br><br>Respondent. | No. 1:18-cv-00368-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PETITIONER FOR FAILURE TO OBEY A COURT ORDER**<br><br>**COURT CLERK TO ASSIGN DISTRICT JUDGE**<br><br>**(Doc. 1)** |

Petitioner, Chris Lavale Washington, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 19, 2018, Petitioner filed his petition for writ of habeas corpus and a motion to stay proceedings so that he may exhaust his state court remedies. (Docs. 1, 2.) On March 29, 2018, United States Magistrate Judge Stanley A. Boone ordered Petitioner to file supplemental briefing regarding the stay. (Doc. 5.) After being granted multiple extensions of time, Petitioner filed the supplemental briefing and the undersigned granted a stay of proceedings on June 5, 2018. (Doc. 16.)

On October 2, 2018, the undersigned ordered Petitioner to show cause why the case should not be dismissed for failure to obey a court order when Petitioner failed to timely file a status report.

1

(Doc. 17.) Petitioner responded to the order to show cause on October 22, 2018, advising the Court that the California Supreme Court had made a final determination in his case, and requested that the Court lift the stay. (Doc. 18.)

On October 23, 2018, the undersigned lifted the stay and directed Petitioner to file an amended petition within 30 days. Although more than 30 days have passed, Petitioner has failed to file an amended petition or respond to the undersigned's order in any way.

The Court has the discretion to impose any and all sanctions authorized by statute or rule or within the inherent power of the Court, including dismissal of an action based on Petitioner's failure to comply with a court order. Fed .R. Civ. P. 11; Local R. 110. Because Petitioner has failed to respond to the undersigned's order to file an amended complaint, the undersigned recommends dismissing the action.

## **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State

court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court recommends declining to issue a certificate of appealability.

**Recommendation**

Based on the foregoing, the undersigned hereby recommends that the Court dismiss the petition in this action without prejudice for failure to obey a court order and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written

3

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated: __**December 11, 2018**__         /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE