# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LAVALE WASHINGTON, | Case No.: 1:18-cv-00368-DAD-SKO (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED PETITION |
| v. | |
| | [Doc. 24] |
| C. PFEIFFER, Warden, | [THIRTY DAY DEADLINE] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed his federal petition in this Court on March 19, 2018. (Doc. 1.) He requested a stay of the proceedings pending exhaustion of state remedies which this Court granted on June 5, 2018. (Docs. 2, 15, 16.) On October 22, 2018, Petitioner advised the Court that he had exhausted his claims in the California Supreme Court and moved to lift the stay. (Doc. 18.) On October 23, 2018, the Court granted the motion to lift the stay and directed Petitioner to file a First Amended Petition. (Doc. 19.) On March 11, 2019, Petitioner filed a First Amended Petition. (Doc. 24.) He failed to sign it under penalty of perjury and the Court directed him to file a declaration under penalty of perjury. (Doc. 25.) Petitioner submitted a declaration under penalty of perjury on June 19, 2019. (Doc. 29.)

A preliminary screening of the First Amended Petition reveals that Petitioner fails to present a cognizable ground for relief. Therefore, the Court will recommend the First Amended Petition be DISMISSED for failure to state a claim.

## I.  DISCUSSION

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

In this case, Petitioner challenges a 2017 conviction in Fresno County Superior Court for voluntary manslaughter. (Doc. 24 at 1.) In Ground One, Petitioner claims a violation of his Fifth, Sixth, and/or Fourteenth Amendment due process rights. He alleges the trial court prejudicially erred by allowing the prosecution to present almost the entirety of the detectives' interview of an individual named Pickett after he was booked for the murder of someone named Daniels, in violation of his rights to due process and a fair trial. (Doc. 24 at 5.) It is unclear who Pickett and Daniels are as Petitioner fails to state how they relate to his case. In any case, the claim is not cognizable on federal habeas review because the admissibility of evidence is a matter of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (state evidentiary ruling cannot provide ground for federal habeas relief unless the admission of evidence violated due process). In addition, Petitioner cannot show that the trial court's admission of evidence was contrary to or an unreasonable application of Supreme Court precedent pursuant to 28 U.S.C. § 2254(d), since there is no Supreme Court precedent governing a court's discretionary decision to admit evidence as a violation of due process. In Holley v. Yarborough, the Ninth Circuit stated:

> Under AEDPA, even clearly erroneous admissions of evidence that render a trial fundamentally unfair may not permit the grant of federal habeas corpus relief if not forbidden by "clearly established Federal law," as laid out by the Supreme Court. 28 U.S.C. § 2254(d). In cases where the Supreme Court has not adequately addressed a claim, this court cannot use its own precedent to find a state court ruling unreasonable. Musladin, 549 U.S. at 77, 127 S.Ct. 649.
>
> The Supreme Court has made very few rulings regarding the admission of evidence as a violation of due process. Although the Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair, see Williams, 529 U.S. at 375, 120 S.Ct. 1495, it has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ. Absent such "clearly established Federal law," we cannot conclude that the state court's ruling was an "unreasonable application." Musladin, 549

U.S. at 77, 127 S.Ct. 649. Under the strict standards of AEDPA, we are therefore without power to issue the writ . . . .

Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009); see Moses v. Payne, 555 F.3d 742, 760 (9th Cir. 2008) (holding that trial court did not abuse its discretion in excluding expert testimony "[b]ecause the Supreme Court's precedents do not establish a principle for evaluating discretionary decisions to exclude the kind of evidence at issue here"); see also Brown v. Horell, 644 F.3d 969, 983 (9th Cir. 2011) ("Between the issuance of Moses and the present, the Supreme Court has not decided any case either 'squarely address[ing]' the discretionary exclusion of evidence and the right to present a complete defense or 'establish[ing] a controlling legal standard' for evaluating such conclusions. Brown, therefore, cannot – as the petitioner in Moses could not – show that the state appellate court's ruling was either contrary to or an unreasonable application of clearly established Supreme Court precedent."). Since there is no clearly established Supreme Court precedent governing a trial court's discretionary decision to admit evidence as a violation of due process, habeas relief is foreclosed. Id.

Petitioner sets forth Ground Two as follows: "Fifth, Sixth, and/or Fourteenth Amendment(s) Due Process Eighth Amendment – Cruel & Unusual Punishment. Petitioner was illegally sentenced." (Doc. 24 at 7.) The claim is entirely conclusory and fails to provide a basis for habeas relief. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995). Petitioner fails to state any facts supporting his ground or demonstrate how his sentence violates the Constitution. General, conclusory references to due process and the Constitution are unavailing. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). Further, Petitioner has not shown how the rejection of his claim by the state court was contrary to, or an unreasonable application of, Supreme Court authority. 28 U.S.C. § 2254(d).

Therefore, Petitioner fails to state a cognizable federal habeas claim, and the petition should be dismissed.

## II.     RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that the First Amended Petition be DISMISSED for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 20, 2019**    /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

5