| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRIS LAVALE WASHINGTON,

    Plaintiff,

    v.

C. PFEIFFER, Warden, Kern Valley State Prison,

    Defendant.

No. 1:18-cv-00368-DAD-SKO (HC)

<u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

(Doc. No.)

    Petitioner Chris Lavale Washington is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 20, 2019, the magistrate judge assigned to the case issued findings and recommendations recommending denial of the petition for failure to state a claim. (Doc. No. 31.) Those findings and recommendation were served upon all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On August 2, 2019, petitioner was granted an extension of thirty (30) days to file objections (Doc. No. 33), but no objections have been filed, and the time in which to do so has now passed.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

1

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If, as here, a court denies a petition for writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that reasonable jurists would not find that the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on June 20, 2019 (Doc. No. 31), are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 24) is denied with prejudice;
3. The Clerk of the Court is directed to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **November 8, 2019**

UNITED STATES DISTRICT JUDGE